Next case is Green against the Milwaukee County Circuit Court. Good morning, Your Honors. Mr. Wasilewski. John Wasilewski appearing on behalf of Mitchell Green. This is a criminal case where a mistrial was declared in the course of the trial, and the question before this court is whether that mistrial was manifestly necessary. That is the 200-year-old standard that's easy to state, but leaves a lot of room. That, of course, is your argument, but the state argues there are a whole bunch of procedural issues that you might want to address. Very well, Your Honor. The state says that 2241 can't be used in the way it's being used here. As I say, you might want to address that. You might want to address younger. That's one thing you might want to address. Younger. In my reply brief, I attempted to address younger. I did a wide survey and found that eight circuits have recognized that Double Jeopardy presents an exception to younger. That can't possibly be right. If you file a 1983 suit while a case is pending, there's no exception to younger. Now, you might be saying that these circuits have thought that 2241 is a potential exception because younger construes Section 1983. Is that what you're saying? Look, let me put it a different way. A court of appeals cannot make exceptions to a holding of the Supreme Court. Only the Supreme Court can make exceptions to its own holdings. We need to establish what is the holding of younger. How would you phrase that holding? Younger is an equitable case that holds that federal courts should not interfere with state court ongoing proceedings. No, that's not what younger holds. You're now restating the Anti-Injunction Act, which is 2283. The Anti-Injunction Act has some exceptions. One question is whether 1983 is such an exception. The Supreme Court held yes, and then it held that there's an equitable exception to the exception in the Anti-Injunction Act. Younger has nothing to do with 2241, counsel. All right, maybe we should proceed. Counsel, I do have one other younger question. Was younger addressed below? Did the state rate younger? I filed the habeas petition, and the answer did not mention younger or abstention. The state's brief did not mention it. The magistrate, understandably, didn't mention it because no party mentioned it, and it is being raised for the first time in this court in the state's response brief. All right, let me ask a different foundational question. At least I tend to think it's a foundational question. The manifest necessity for a mistrial may exist if the defense introduces important evidence in violation of a state law or judicial ruling. There are two kinds of arguments that might have been made for what the problem was in this case. One is that there is a state statute, rule, or decision of the state Supreme Court requiring all Denny evidence, requiring the defense to notify the prosecution before trial about all Denny evidence. The second is that there was a dispute about whether this particular testimony was Denny evidence. Which of these is at issue here, or maybe both? I would say both, Your Honor. Denny is Wisconsin's third-party defense case, and it basically is a defense that you say, my client didn't do this, commit this crime, somebody else committed this crime. Mr. Cousin's testimony puts himself in my client's shoes as the driver of the car that transported the woman for prostitution purposes. But his testimony is he had no idea what was going on, at least so far as the driver is concerned. If you accept Jonathan Cousin's testimony, then there's no crime with respect to the driver because he was doing this just for gas money without being concerned about the purpose of transporting these people. So that's one problem. It may not be evident to you why I asked the question. The first question, whether there's a requirement to give notice about Denny evidence, sounds like a question of federal law. It's not manifestly necessary if the state law didn't have such a requirement at all. The second question sounds like an issue of state law only. And it's very well established that the federal court does not issue a writ of habeas corpus when a state judge misunderstands state law. And it seemed to me important to tease out what is the real federal rule from what is a potential misunderstanding of a state rule. I would appreciate it if you'd address that because it's potentially dispositive. I was speaking in the abstract about whether Denny applies or not. I agree it's a state issue, and I think I didn't really argue in my brief that Jonathan Cousin's testimony isn't Denny evidence. What I did argue is there's no statute, rule, or case that says you have to notify the other side of your intent to present Denny evidence. There are such rules in Wisconsin law for other things such as alibi. There's a statute that's self-executing. If I wanted to present an alibi on behalf of a criminal defense client, I have to give notice. I hope you're now getting to why I have asked this question because whether there's a requirement to notify about Denny evidence is potentially of federal significance. Whether the state court misapplied Denny seems to be a question of state law. You really need to be on the first and not the second. My focus was simply on whether there was an error committed in presenting Jonathan Cousin's testimony. An error of state law does not support a federal writ of habeas corpus. It's not clear that you're seeing the distinction I'm trying to draw. Well, in the Arizona versus Washington case, that was all about a defense counsel who promised what was basically inadmissible evidence that was very damaging to the state. The Supreme Court reviewed that and reviewed what the defense tried to put in to say that this was admissible evidence. Since the defense didn't present much of anything from my reading of that case, they went ahead with the presumption that there was an error. It was an error of state law, perhaps, but there was an error that potentially affected the impartiality of the jury. It was only after that finding and proceeding from that that they went on to address whether the court exercised sound discretion in declaring a mistrial, and that is what I think is missing here. There is no error of state law or otherwise that was done by presenting this testimony without notice. There's reference in the magistrate decisions below to proper notice, but that begs the question what notice is proper, and there's nothing cited, no rule, no case that says before trial defense counsel shall give notice of intent to present any evidence. It's often dealt with in motions in limine where prosecutors want any evidence and a list of other types of evidence to be not presented without prior notice, but there was no such motion in limine filed in this case, and the motions in limine that were filed were never addressed and turned into orders in limine. So this case differs from Arizona versus Washington because simply in analyzing whether there's manifest necessity, there's no error for the mistrial to correct. I understand that the trial judge was not happy that this evidence came out without prior notice. The judge thought there should have been. It goes against his way of doing things, his preferences. But throughout this litigation, and it's been through a number of steps, there's never been a citation to anything that says that defense counsel for Mr. Green committed an error by presenting this testimony the way he did. So it begs the question, if mistrial is a remedy, a drastic remedy, what error was it designed to cure? And that question, it begs an answer, and I don't think the record presents one. The evidence was found admissible for purposes of any future trial, which shows that the nature of the testimony of Jonathan Cousin didn't affect juror impartiality. The judge even said, well, the jury's either thinking clearly Mr. Green is innocent based on Jonathan Cousin's testimony or Jonathan Cousin is just covering for him. That's kind of saying what you could say about any evidence. Maybe the jury will believe it and maybe they won't, but it's not an error. So I don't think the court followed the steps that are set forth in Arizona v. Washington, and I don't think the court really gave exercise sound discretion otherwise. For example, Arizona v. Washington says that one of the considerations the court should make is the double jeopardy impact or effect in the event a mistrial is declared and double jeopardy is simply not mentioned. Manifest necessity wasn't specifically mentioned, although Arizona v. Washington says it's a matter of substance and not form. So I'm asking this court to find that this mistrial is not supported by manifest necessity and that Mr. Green should not be tried again. What standard of review would you suggest we use? I'm looking at the trial court judge's decision, okay, and for the decision on manifest necessity, not whether this happened to be Denny evidence or not. Right. What standard of review should I be using? Arizona v. Washington sets forth basically a scale where, on one hand, the classic instance of the mistrial declared on a hung jury is entitled to great deference. The judge's decision that an error may have affected the impartiality of the jury is also to be granted great discretion. But what really happened here is, frankly, the prosecution got caught unaware and unprepared because even though Jonathan Cousin was on a witness list five months before trial, the state took those steps to ask for discovery, and they weren't prepared to meet the defense. I did not understand my colleague to be asking you to recite more of the facts of this case, but to answer a legal question, let me ask you a variation of it. What do you think is the difference between the standard of review articulated in Arizona v. Washington and the standard in Section 2254D, the statute you were trying to avoid? 2254D applies only to reviews of state court judgments. There is no state court judgment here, and therefore I'm not sure if I'm misunderstanding your question. I'm asking you about the difference in the substantive standards. The judge who decided this case in the district court said one reason not to use 2241 is because it seems to allow review more readily than 2254D, and Congress is trying to crack down on federal judges taking what amount to de novo review of state decisions. So I just asked you, how do you see the difference, if any, between the standard in Arizona against Washington and the standard in 2254D? I don't know how you could read the district court's decision and not be prepared on that question. I agree with the district court's decision that 2241 simply requires the court to determine whether or not the defendant is in custody in violation of the Constitution and that it doesn't have the greater scrutiny aspects of 2254. I will, if the court has no further questions, reserve the remainder of my time for rebuttal. Certainly, counsel. Thank you. Mr. Blumling. Good morning, Your Honor. May I please report? Assistant Attorney General John Blumling. Let's start with Judge Kollar's question. Was Younger ever raised in the district court? No, Your Honor, it was not. All right. Second question. What relevance could Younger have when all state remedies have been exhausted? The holding of Younger is that you have to go to state court and present your federal arguments to the state criminal court before coming to federal court. And as far as I can see, Green did exactly that, exhausting his state remedies through the Supreme Court of Wisconsin. What state remedy does Green have at the moment that has not been exhausted? None, Your Honor. So Younger, by its own terms, drops out. Right? I disagree, Your Honor. You disagree why? I think— Younger said you must exhaust your remedies in state court before coming to federal court. And you just agreed with me that Green did that. What else does Younger require? I think Younger reflects—and this is at the beginning, kind of in the introduction of Younger— Younger talks about the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances. And I don't read that requirement as only requiring exhaustion of state court remedies. And so— So do you think that the Younger v. Harris decision repeals Section 2241 for state prisoners? No. What scope does it have on your understanding of Younger? What scope does 2241 have on that? Give me an example of the proper use of Section 2241 for a state prisoner on your understanding of Younger. So I have limited my argument related to Younger to— I'm not asking for you limiting your argument. I said give me an example of the proper use of 2241 on your understanding of Younger. 2241 would be an appropriate avenue for a defendant to seek relief if the defendant had exhausted his remedies without ever receiving a decision on the merits of the double jeopardy claim. Then you haven't exhausted your remedies. So what could happen and what happened here—we could tweak the facts to sort of tease this out a little bit, Your Honor. What happened here is Mr. Green filed a motion to dismiss in advance of his retrial on double jeopardy grounds. The trial court denied that motion to dismiss, and Mr. Green moved for interlocutory review of that decision. And got it. And he got it. If, however—so that right isn't guaranteed by statute in Wisconsin. It is strongly recommended by case law in Wisconsin, encouraged, and it should be, because Abney and related cases do raise the point that the double jeopardy right is important in advance of retrial. But if Mr. Green had petitioned for leave to appeal that decision and had not received decisions on the merits of his double jeopardy claim, then I think where that leaves him is in a position where he has exhausted his state remedies because he's asked the state appellate courts to look at this and they have refused to do so. But he has also not received a decision on the merits of that double jeopardy claim, which I believe he is entitled to under Abney and the related case law. I'm just lost. I mean, suppose a federal defendant in state court goes to state court and says, Your prosecution of me violates the First Amendment, and I want it dismissed. And the state judge says, I just don't enforce the First Amendment in my court. Go away. You think federal court is still closed under Younger? I think in that situation, if he has sought interlocutory review— He's done what he can in state court, and the state court has basically put its fingers in its ears. Then there's no problem under Younger. I'm asking you to tell me what's left of 2241 because in that circumstance, you can come and get an injunction despite Younger. So I think the difference in that example is whether the state courts have issued the decisions on the merits because I think ultimately when you look at the exceptions to Younger, it comes down to the likelihood of irreparable harm. And so that calculus is different when the state appellate courts have heard the claim, decided the claim on the merits, than when they haven't. And so fundamentally, and I think this is sort of an interesting point in this case, which is what do we do with the Wisconsin Supreme Court decision here? I mean, if we proceed under 2241, 2241 doesn't mention state court decisions at all. It doesn't really contemplate that. There's no standard of review articulated beyond that in 2243, which is as law and justice require. And so it puts this court and the federal courts generally in this sort of awkward position of, you know, how do you respect comedy and federalism when there is a state Supreme Court decision here? If I'm following Arizona against Washington, how would you articulate the difference, if any, between the standard of review in Arizona against Washington and the standard of review in Section 2254D? So the standard of review in 2254D under the Anti-Terrorism and Effective Death Penalty Act looks for, you know, contrary to an unreasonable application of federal law as stated by the Supreme Court of the United States. Under 2241, we look at, I can see that maybe I'm not answering your question. I was trying to be precise, asking you to compare the standard of review announced in Arizona against Washington with the 2254D standard. Sure. How is Arizona against Washington, in your worry, more favorable to defendants? Arizona, I think with the 2254 standard, sometimes in those 2254 cases we refer to double deference. Essentially there is a layer of deference that comes from the standard under 2254 and then the standard of applying that specifically. So the Wisconsin Supreme Court here, I really, really would appreciate it if you would discuss the Supreme Court's decision in Arizona against Washington. Sure. You seem to want to discuss almost anything else. Arizona against Washington asks whether the trial court in declaring the mistrial exercised sound discretion. It's looking for the manifest necessity for that mistrial to be declared. And it is a deferential standard to the trial court's decision. Is it more deferential or less deferential, do you think, than 2254D? I honestly, Judge, I haven't considered. It could well be more deferential than 2254D. It may be. So why are you running away from the more deferential standard is the next question. At least I'm not intending to run away from it, Judge. I guess my point would be that under a different standard of review, it would review the state court's decision both under the more deferential standard of review and under the Arizona versus Washington standard of review, that double deference that I discussed earlier that we sometimes do see in habeas corpus cases. So I'll turn to the exercise of discretion here and a few points that I want to raise about it. I want to ask a strictly legal question before we get there, which is where do I look in Wisconsin law to find a requirement that a Denny defense be that the defense give notice of a Denny defense before trial starts? I think it is, practically speaking, built into the Denny decision itself. There was a... No, no, no. You know, the Denny decision is substantive. Where do I, is there a statute requiring notice? No. Unlike the alibi statute. No. Is there a rule requiring notice? Not specifically. Anything like Federal Rule 16 or notice of an insanity defense. Is there a holding of the Supreme Court of Wisconsin requiring notice? Well, the Supreme Court of Wisconsin's holding in this case might satisfy that, but obviously that decision postdates the trial. Right. So where is it? So 2015 State versus General Grant Wilson is perhaps as close as the Wisconsin Supreme Court gets to that. It talks about the test necessary for that evidence to be admissible. And I think as a practical matter, for the evidence to be admissible, you can't start presenting that evidence and sort of prove up admissibility on the fly in a trial in front of a jury. Why not? That's how evidence almost always works. Because there's more substance involved, I think, with the Denny decision, with the Denny type evidence, and that gets into the trial court decision here talks about springing this on the state, talks about the ability of the state to sort of investigate. And I think Counsel for Mr. Green says that this is just the court now bailing the state out. I don't see it as the court bailing the state out in this case specifically. I see it more as a commentary on why advance notice of this type of evidence is necessary, along the lines of an alibi defense or an insanity defense. I can understand an argument as a matter of policy that this is a kind of thing where it makes sense to require notice. Whether the federal constitution allows that, I don't know. But I'm looking for a place where that rule is established. Suppose the state of Wisconsin were to repeal its alibi statute tomorrow morning. Would notice of an alibi still be required because, gee whiz, that would help prosecutors? I don't think so, no. No, because it wouldn't be part of positive law anymore. So I'm asking not for an argument about why the defense should give notice or why prosecutors think the defense should give notice, but where that requirement appears as a matter of positive law. And candidly, Judge, as close as I can give you is State v. Wilson in 2015. Okay. Let me ask you a question on the discretion that the trial court judge exercised. It seems to me there's a real simple solution to this whole problem. The jury's out. It's lunch. The trial court judge seems to have that play into the manifest necessity in terms of, oh, the evidence is seared into their mind. But why can't the judge just say, jury, go back home. We're going to come tomorrow. And like anyone who's ever done a jury trial, you get all the jurors' info before they leave. Then you have this Denny hearing that apparently did happen later, and everyone decided it could be admitted. You know, the judge. I shouldn't say everyone. I'm sure the State had something to say about it. But that could have happened, and it didn't. And I don't even see the judge weighing that option. So whatever standard of review I'm looking at, if the judge didn't even weigh the option of, guys, let's get this settled. Jury's out. We're having a hearing, and I'm going to decide. Because we know that hearing happened later, didn't take too long, and the evidence was admissible. Right. Why wasn't that weighed? And how do I look at it right now? So as far as why it wasn't weighed, I think the court, if not explicitly, and I don't have a site to the transcript specifically on whether it weighed it. But at least implicitly, I think what the trial court was getting at there is that the surprise did, the introduction of the evidence did take the State by surprise. It was on the witness list. Sure. As far as the State sending an investigator, I mean, this was one of the suggestions, that the State could send an investigator to talk to Mr. Cousin. Say, you know, what are you going to testify about at your cousin's trial? And Mr. Cousin would have been well within his rights to say, that's none of your business. Leave me alone, go away. That alone isn't enough. And so the affirmative clearance, because it is the defendant's burden to clear that Denny evidence in order to prove admissibility. If there was such a burden. Sure. But as proponent of that evidence, the defendant is in the position of having to prove its admissibility, which requires certain things to affirmatively be established, which would put Mr. Cousin on the stand at the hearing and giving his testimony in advance, so that that could be. But every trial that goes on downstairs, whoever is admitting the evidence has the burden to show that it's admissible. Right. And for expert evidence, there's certain degrees for, there's relevancy, there's evidence sufficient to support a finding. But we do that in trial. You lay the chain, you have burden to lay chain of custody to a certain extent. There can be gaps. But that's done at trial. You don't show the evidence sufficient to support a finding pre-trial. Sure. You'd never get to trial. So where that comes from in this particular case is there was a motion in limine. It was never ruled on on the record. But there was a motion in limine for this evidence to be disclosed in advance. Is that what the motion in limine said? Well, the wording in it is perhaps a little bit muddled because it refers to other acts of evidence of a third-party perpetrator. And so is that the clearest? No. And, you know, when we end up in this court on habeas corpus, often it tends to be closed cases. This is not, you know, a case where everything was done perfectly in the trial court by the prosecutor. We come back to a phrase like manifest necessity. I hope you're not arguing that by refusing to rule on a pre-trial motion, a trial judge can create manifest necessity for a mistrial. The manifest necessity is my own refusal to rule on the motion. No, Judge. That's a slam dunk double jeopardy problem, right? And that is, yes, and that's not my argument. My argument on manifest necessity, whether the trial court exercised sound discretion in declaring a mistrial is this. They come back from lunch. The issue is sort of now presented on the record. There was five minutes or so of conversation off the record before. But the judge is sort of looking at this, and this is a judge who took over this case that morning and says, here's my concern. That's the state's decision. If you substitute in somebody who doesn't know what he's doing, the probability of error goes way up. But it's hard to call that manifest necessity either. But what happened, so while it's true that this is sort of the state court system and the system that I think most frequently gets used in Milwaukee County, I think it's still reasonable for the trial judge in that situation to rely on the arguments of the parties. And Mr. Green at that time never argued that there was no pretrial order requiring disclosure of any evidence in advance. All trial counsel argued at that time was, well, this isn't any evidence, and of course it was any evidence. That's the only reason it could have possibly been relevant is to prove that it wasn't Mr. Green who drove the victim on the night in question, that it was Mr. Cousin who drove the victim on the night in question. So the, wait, are you now saying that any evidence is all evidence identifying another person? So suppose John Jones had gotten on the stand and said, I saw very clearly who the two occupants of the car were. They were A and B and not Green. Would that have been any evidence? Yes. That's evidence of a third party perpetrator committing the crime. No, it's not evidence that a third party committed the crime. It's evidence that the defendant did not commit the crime. It's not evidence that somebody else did. I think that's two sides of the same coin, Your Honor. But on your view now, you are saying that the defense has to give all exculpatory evidence before trial because all exculpatory evidence implies that somebody else committed the crime because we know there was a crime, and therefore there's a general requirement that all exculpatory evidence be disclosed, including just a different witness says, I don't recognize Green as the person who did it. Well, that's, I think that's a different, I think that would be different testimony. I think the... Has the state judiciary ever said that the defense must notify the prosecutor about all exculpatory evidence? No. No. No. Absolutely not. But testimony... Well, the word unconstitutional comes to mind. And I'm not arguing for such a rule, Judge, but testimony that, and if I could complete my thought briefly.  Testimony that says, I saw what happened, it wasn't the defendant, I think is fundamentally different than testimony that says, I saw what happened, it was this third party. And I think that's what, the latter is what we're talking about in this case. If there are no further questions. Thank you, Mr. Beaumont. Thank you. Anything further, Mr. Wasilewski? Just briefly, Your Honor, if I may. This court asked the state about any basis in law for prior notice being required under Denny. And I would just call to the court's attention that there's no notice requirement in either Denny or in the Wilson case. And in fact, when you read the facts of those cases, the evidence that was sought to be introduced came up at trial, and a decision was made during trial regarding the admissibility of the Denny evidence. So there is no judicial requirement for prior notice in either the Denny case or the Wilson case. A Denny hearing could easily have been done here, as Justice Kohler suggested. Mr. Cousins' testimony, he completed his direct examination, the prosecutor had completed cross-examination, and just before redirect, the court declared its lunch break. So the entire direct and cross were a matter of record when the parties met up after lunch and this whole issue was discussed. And it's clear from the record that the trial judge had the Denny case in front of him and was looking at it and talking about it and talking about its holdings and did everything except actually address the question of whether the Denny case allowed or didn't allow Mr. Cousins' testimony. That tends to show that there was no manifest necessity here. This could have been decided, and I believe the second dissent in the state Supreme Court case makes that point. The court simply never considered whether we could simply continue because the jury only heard admissible evidence. I have nothing further. Thank you, counsel. The case is taken under advisement.